Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VI**

| | | |
|---|---|---|
| El Pueblo de Puerto Rico<br><br>Recurrido<br><br>vs.<br><br>Miguel Rodríguez Rodríguez<br><br>Peticionario | TA2025CE00220 | **APELACIÓN** procedente del Tribunal de Primera Instancia, Sala de Humacao<br><br>Caso Núm.: HSCR201200170<br><br>Sobre: A/106 Grados de Asesinato |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Rivera Colón, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 14 de agosto de 2025.

Comparece por derecho propio el señor Miguel Rodríguez Rodríguez (Sr. Rodríguez Rodríguez o peticionario), quien es miembro de la población correccional, mediante un recurso de *Certiorari*. Nos solicita la revisión de una determinación que resolvió no acreditar el tiempo que el peticionario cumplió en detención preventiva bajo supervisión electrónica, según aseverado por este.

Luego de evaluar el recurso sometido por el Sr. Rodríguez Rodríguez, prescindimos de la comparecencia de la parte recurrida y procedemos a resolver. Véase Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, a la pág. 15, 215 DPR __ (2025).

Examinada la totalidad del expediente a la luz del estado de derecho vigente, desestimamos el recurso por los fundamentos que expondremos a continuación.

**I.**

Surge del expediente ante nos que, el Sr. Rodríguez Rodríguez extingue múltiples penas en institución correccional por la comisión de una serie de delitos según tipificados, en los Arts. 106 y 198 del Código Penal (2004)[1], y los Arts. 5.04 y 5.6 de la Ley de Armas.[2]

En lo pertinente a este recurso, el Departamento de Corrección y Rehabilitación de Puerto Rico (Departamento de Corrección o agencia) remitió al peticionario una Hoja de Control Sobre Liquidación de Sentencias[3], que incluye un desglose del periodo carcelario que le corresponde cumplir.[4]

Informe con lo anterior, el 17 de julio de 2025, el Sr. Rodríguez Rodríguez recurrió ante este Tribunal mediante un recurso de *Certiorari.*

**II.**

**A.**

Es norma reiterada que, "la jurisdicción es el poder o la autoridad que posee un tribunal o un organismo administrativo para considerar y decidir casos o controversias con efecto vinculante para las partes". *Muñoz Barrientos v. ELA et al.*, 212 DPR 714, 726 (2023); *Adm. Terrenos v. Ponce Bayland,* 207 DPR 586, 600 (2021). Por su trascendencia, los tribunales ostentamos el deber de examinar nuestra propia jurisdicción, así como aquella del foro de donde procede el recurso ante su consideración. *S.L.G. Szendrey Ramos v. F. Castillo*, 169 DPR 873, 883 (2007). En ese sentido, el primer factor que corresponde evaluar en toda situación jurídica es el aspecto jurisdiccional. *R&B Power, Inc. v. Junta de*

---

[1] Ley Núm. 149-2004, 33 LPRA sec. 4734.
[2] No surge del expediente ante nuestra consideración, la legislación específica que aplicó el foro primario en sus respectivas sentencias.
[3] Apéndice del recurso de *Certiorari,* Anejo I, pág. 1.
[4] Este documento registra fecha del 23 de octubre de 2023. No obstante, no precisa la fecha en la cual el Departamento de Corrección le entregó al peticionario la hoja en cuestión.

*Subastas ASG*, 213 DPR 685, 698 (2024); *Torres Alvarado v. Maderas Atiles*, 202 DPR 495, 500 (2019).

A esos efectos, nos compete ser celosos guardianes de nuestra propia jurisdicción. *FCPR v. ELA et al.*, 211 DPR 521, 530 (2023). Ello, pues, las cuestiones referentes a la jurisdicción son privilegiadas y deben atenderse con preferencia. *S.L.G. Szendrey Ramos v. F. Castillo, supra*, a la pág. 882. Por tal razón, "al momento de determinar si un tribunal tiene jurisdicción sobre un caso es necesario asegurarse de que se cumplieron todos los requisitos jurisdiccionales que la ley establece". *Adm. Terrenos v. Ponce Bayland, supra*, a la pág. 600; *Shell v. Srio. Hacienda*, 187 DPR 109, 123 (2012). Entiéndase que, "[p]or definición, un requisito jurisdiccional es aquel que se debe cumplir antes de que el tribunal pueda conocer del pleito". *Rodríguez Vázquez v. Hosp. Auxilio Mutuo*, 2025 TSPR 55, 216 DPR ___ (2025); *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 268 (2018) (citando a I. Rivera García, <u>Diccionario de términos jurídicos</u>, 2da ed. rev., Orford, Ed. Equity, 1985, pág. 244).

En lo concerniente a tales exigencias, es menester explicar que, el incumplimiento con las normas del perfeccionamiento del recurso incide en nuestro ejercicio jurisdiccional a nivel apelativo. Por tal motivo, el acatamiento de estas reglas no puede quedar al arbitrio de las partes o de sus abogados. *Pérez Soto v. Cantera Pérez, Inc. et al.*, 188 DPR 98, 105 (2013). Véase, también, *Lugo v. Suárez*, 165 DPR 729, 737 (2005). La inobservancia de estas reglas impide que el Tribunal de Apelaciones pueda atender la controversia que se le presenta. *Pérez Soto v. Cantera Pérez, supra*, a la pág. 105.

En tales instancias, "[a]l tratarse de un asunto que incide sobre el poder del tribunal para adjudicar una controversia, la falta de jurisdicción se puede argumentar *motu proprio*". *Mun. de San*

*Sebastián v. QMC Telecom*, 190 DPR 652 (2014); *Souffront v. A.A.A.*, 164 DPR 663, 674 (2005). Así pues, los foros adjudicativos no tienen discreción para asumir la jurisdicción en aquellos contextos en que no la tienen. *Rivera Marcucci et al. v. Suiza Dairy*, 196 DPR 157, 165 (2016). La ausencia de tal autoridad no es un asunto que pueda ser subsanado. *S.L.G. Szendrey Ramos v. F. Castillo, supra*, a la pág. 883. Por tanto, "si un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia". *R&B Power, Inc. v. Junta de Subastas ASG, supra*, a la pág. 698; *Mun. de San Sebastián v. QMC Telecom, supra*, a la pág. 660 (2014). En tales casos, la Regla 83(B)(1) del Reglamento del Tribunal de Apelaciones, nos otorga la facultad para desestimar el recurso, *motu proprio*, por carecer de jurisdicción para atender el mismo. *In re Aprob. Enmdas. Reglamento TA, supra*, a la pág. 115.

**B.**

La Regla 2 del Reglamento del Tribunal de Apelaciones, *supra*, preceptúa el alcance interpretativo de este cuerpo reglamentario:

> *Estas reglas se interpretarán de modo que propicien un sistema de justicia que provea acceso para atender los reclamos de la ciudadanía, que sea sensible a la realidad particular de los distintos componentes de nuestra sociedad y que informe a la ciudadanía sobre sus derechos y responsabilidades, conforme a los propósitos dispuestos en la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003.* Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA, supra*, a la pág. 1.

Ahora bien, como antes explicamos, el cumplimiento de las normas que rigen perfeccionamiento de recursos no puede quedar al arbitrio de las partes o de sus abogados. *Pérez Soto v. Cantera Pérez, Inc. et al., supra*, a la pág. 105. Por consiguiente, su acatamiento debe observarse rigurosamente. *Lugo v. Suárez, supra*, a la pág. 736.

Para constatar nuestra jurisdicción, es necesario que la parte peticionaria exponga en su recurso de *Certiorari* una referencia de la decisión recurrida, de conformidad con la Regla 34(C)(1) de este texto reglamentario apelativo:

> *(c) Una* **referencia a la decisión** *cuya revisión se solicita,* **la cual incluirá el nombre y el número del caso, la Región Judicial** *correspondiente y la Sala del Tribunal de Primera Instancia que la dictó,* **la fecha en que lo hizo y la fecha en que fue notificada***; también, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar la solicitud de certiorari. In re Aprob. Enmdas. Reglamento TA, supra,* a las págs. 54-55. (Énfasis nuestro).

En armonía con lo anterior, la precitada regla exige que se incluyan las citas de las disposiciones legales que establecen la jurisdicción y la competencia de este Tribunal. Regla 34(C)(1) del Reglamento del Tribunal de Apelaciones, *supra*. A su vez, el recurso incluirá una relación fiel y concisa de los hechos procesales y materiales del caso, así como un señalamiento breve y conciso de los errores que a juicio de la parte peticionaria cometió el Tribunal de Primera Instancia. *Íd.* Igualmente, el recurso deberá contener una discusión de los errores señalados en referencia a las disposiciones de ley y la jurisprudencia aplicable. *Íd.*

Respecto al apéndice del recurso, los incisos (b), (c), (d) y (e) de la Regla 34(E) del Reglamento del Tribunal de Apelaciones, *supra*, exigen que este se presente con el siguiente contenido:

> **(b) La decisión del Tribunal de Primera Instancia cuya revisión se solicita, incluidas las determinaciones de hechos y las conclusiones de derecho en que esté fundada, si las hubiere, y la notificación del archivo en autos de una copia de la notificación de la decisión, si la hubiere.**

> **(c) Toda moción debidamente sellada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar la solicitud de certiorari, y la notificación del archivo en autos de una copia de la resolución u orden.**

*(d) Toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en los cuales se discuta expresamente cualquier asunto planteado en la solicitud de certiorari, o que sean relevantes a esta.*

*(e) Cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda ser útil al Tribunal de Apelaciones a los fines de resolver la controversia.* In re Aprob. Enmdas. Reglamento TA, *supra,* a la pág. 56. (Énfasis nuestro).

### III.

Surge del expediente ante nuestra consideración, que el Sr. Rodríguez Rodríguez recurre ante este Tribunal para impugnar el contenido la Hoja de Control Sobre Liquidación de Sentencias remida por el Departamento de Corrección. En esencia, argumenta que dicho documento no acredita el tiempo que cumplió en detención preventiva bajo supervisión electrónica.

Luego de examinar con sumo cuidado el recurso ante nos, determinamos que este adolece sustancialmente de los requisitos esenciales para su perfeccionamiento. Por consiguiente, nos encontramos imposibilitados de asumir nuestra jurisdicción. Veamos.

Al constatar nuestra jurisdicción, contemplamos que el recurso sometido por el peticionario incumple de modo significativo con las formalidades atinentes a la presentación de *Certiorari* dispuestas en la Regla 34 del Reglamento del Tribunal de Apelaciones, *supra.* En esa dirección, notamos que su escrito no exhibe una referencia adecuada a la decisión, cuya revisión solicita, y, no establece la fecha de notificación de esta. Tampoco incluye una relación de hechos procesales y materiales acompañada de señalamientos de error con su respectiva discusión.

Además, el apéndice de su recurso apelativo no contiene la copia de una determinación final que nos permita ejercer nuestra facultad revisora.[5] En dicho apéndice simplemente consta la Hoja de Control Sobre Liquidación de Sentencias remitida por el Departamento de Corrección. No obstante, este documento por sí solo no constituye un dictamen susceptible de revisión judicial, toda vez que no exhibe determinaciones de hechos ni conclusiones de derecho a tenor con la Regla 34(E) del Reglamento del Tribunal de Apelaciones, *supra.*

Ante tales deficiencias, nos encontramos imposibilitados de establecer con exactitud la procedencia del recurso, es decir, de cuál foro adjudicativo el peticionario recurre, cuál determinación impugna y si esta fue debidamente notificada. En efecto, el incumplimiento sustancial de las normas reglamentarias a nivel apelativo nos priva de jurisdicción para revisar su caso en sus méritos. En vista de lo anterior, nos corresponde desestimar el recurso de epígrafe de conformidad la Regla 83(B)(1) del Reglamento del Tribunal de Apelaciones, *supra.*

Por último, advertimos que esta Resolución no constituye una adjudicación en los méritos en cuanto a los argumentos levantados en torno a la Hoja de Control Sobre Liquidación de Sentencias. Recordemos, pues, que los reclamos sobre este particular deben ventilarse inicialmente ante el Departamento de Corrección, pues es la entidad que goza de jurisdicción primaria a esos efectos. Véase Regla VI(1) del Reglamento para Atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional, Reglamento Núm. 8583 de 4 de mayo de 2015.

---

[5] **Sobre este asunto, puntualizamos que, la mera aseveración del peticionario sobre la existencia de un dictamen emitido por el foro primario, sin siquiera aludir a su notificación, no nos concede automáticamente la autoridad legal para atender su recurso.**

## IV.

Por los fundamentos que anteceden, los que hacemos formar parte del dictamen, desestimamos el recurso presentado por el Sr. Miguel Rodríguez Rodriguez, toda vez que carecemos de jurisdicción, según nos faculta la Regla 83(B)(1) del Reglamento del Tribunal de Apelaciones, *supra.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones